IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-131-FL

| | |
|---|---|
| JUANITA MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 44, 46). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") (DE # 50) wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objections to the M&R, to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

On December 31, 2007, plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of October 1, 2007. A hearing was held before an Administrative Law Judge ("ALJ") on May 4, 2010. Plaintiff was represented by counsel, and a vocational expert ("VE") testified. On June 25, 2010, the ALJ issued a decision denying plaintiff's

request for benefits. The Appeals Council denied plaintiff's request for review on April 22, 2011. Plaintiff filed her complaint in this court on June 22, 2011, seeking review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. See M&R 4-7. Where plaintiff does not object to this portion of the M&R, the factual history of the case as set forth in the M&R is incorporated here by reference.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and

timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2007, the alleged onset date of her disability. The ALJ then found at step two that plaintiff had the following severe impairments: carpal tunnel syndrome, fibromyalgia, depression, and anxiety. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform sedentary work with the following limitations: ability to occasionally climb ramps or stairs, climb ladders, ropes or scaffolds, balance,

3

stoop, kneel, crouch or crawl; frequently handle, finger, and feel bilaterally; limited to 1-3 step tasks that are simple, routine, and repetitive. In making this assessment, the ALJ found plaintiff's statements about plaintiff's limitations not fully credible. The ALJ further found that plaintiff was unable to perform any past relevant work. However, at step five, upon considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, from October 1, 2007, through the date of his decision.

B.  Analysis

Plaintiff objects to the magistrate judge's determination that the ALJ properly assessed plaintiff's credibility. Plaintiff argues that it was improper for the ALJ to rely upon objective evidence in the record in finding her subjective complaints of pain and other symptoms less than credible (Obj. 1). Upon de novo review, the court finds that ALJ properly evaluated plaintiff's credibility and correctly determined that plaintiff's subjective complaints of pain and other symptoms were not fully credible to the extent they were inconsistent with the ALJ's residual functional capacity determination.

As the magistrate judge noted, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to

4

work. Id. at 595. At this second step, the ALJ considers "not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. (citing 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2)).

The ALJ may not discredit a plaintiff solely because her subjective complaints of pain and other symptoms are not substantiated by objective medical evidence. See id. Nevertheless, "objective medical evidence and other objective evidence" are crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. Id. A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see S.S.R. 96-7p, 1996 SSR LEXIS 4 *6.

In this case, the ALJ considered plaintiff's subjective complaints associated with her impairments, including "bilateral numbness in her hands, pain in her arms, neck, and shoulders," "difficulty walking for extended periods," and "tingling and sharp, shooting pains in her fingers and toes." (R. 59, 60). The ALJ noted plaintiff's testimony that she must use two hands to hold a drinking glass and cannot pick a coin off a table without sliding it. (R. 61). The ALJ also considered plaintiff's contention that her symptoms include "crying spells, decreased interest in activities, and preoccupation with somantic [sic] concerns." (R. 59). The ALJ found that plaintiff had medically determinable impairments which reasonably could be expected to cause some of the alleged

5

symptoms, but that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the ALJ's residual functional capacity assessment. (R. 59).

With respect to each of plaintiff's impairments, the ALJ properly relied upon substantial evidence in the record to find that the extent of alleged limitations was not as severe as alleged. In making this determination, the ALJ discussed in detail the medical records concerning plaintiff's impairments, as noted by the magistrate judge, (M&R 15), as well as other "gaps in the claimant's credibility," based upon her testimony and the evidence in the record. (R. 60-61). Such evidence included examination findings that plaintiff had normal pinch strength, and a lack of abnormalities affecting the claimant's hands and wrists, as well as only mild nerve slowing at the wrist. (R. 60, 61, 659, 663). With respect to back and shoulder pain, the ALJ noted mild disc space narrowing, no cord edema, and minimal degenerative changes. (R. 60, 455-56; 629). Concerning depression and anxiety, the ALJ noted a range of GAF scores and the situational nature of plaintiff's psychological stressors. (R. 60-61). Finally, the ALJ noted plaintiff's testimony regarding her enrollment in an online college class, and the inconsistency between this testimony and her alleged work-related limitations. (R. 61). Where the ALJ's determination of credibility is supported by such substantial evidence in the record, and where the ALJ had the opportunity to observe the demeanor of plaintiff in her testimony, it is not the province of the court to reweigh the evidence bearing upon credibility. See Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994) (Luttig, J., concurring); Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984). Accordingly, the magistrate judge correctly upheld the determination of the ALJ regarding plaintiff's credibility.

Plaintiff argues that the magistrate judge's decision was contrary to Fourth Circuit law

6

because, upon establishing the existing of an underlying condition with objective evidence, a claimant is entitled to rely entirely upon subjective testimony to establish the severity of her symptoms. (Obj. 1). Plaintiff cites Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), in support of this argument. (Id.). Hines, however, does not conflict with the magistrate judge's analysis in this case. In Hines, the court reconfirmed that an ALJ must follow the two step process set forth in Craig in evaluating plaintiff's pain and other symptoms. See Hines, 453 F.3d at 565. In describing the second step, the court noted that once the claimant met the threshold obligation of showing a condition reasonably likely to cause the pain claimed, the claimant "was entitled to rely exclusively on subjective evidence to prove the second part of the test." Id. Nevertheless, the court noted that "[w]hile objective evidence is not mandatory at the second step of the test, this is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Id. n. 3 (quoting Craig, 76 F.3d at 595). Accordingly, Hines is consistent with the law as applied by the magistrate judge and ALJ in this case.

Moreover, the holding in Hines is inapposite here. In Hines, the claimant sought disability benefits due to limitations resulting from sickle cell anemia, a disease in which "pain is often the only or main symptom of an acute episode of illness." Hines, 453 F.3d at 561. There, the court noted that "there is no way to demonstrate objectively that a [sickle cell disease] patient has pain," and "with pain from sickle cell disease there are no confirmatory laboratory or radiologic tests that will prove or disprove whether a patient is having pain." Id. at 561 & 562. In Hines, the court determined the ALJ erred in discrediting the claimant's testimony of continuous and severe pain, where the ALJ relied upon other testimony by the claimant concerning the nature of the claimant's

7

daily activities. Id. at 565-66. In the present case, by contrast, plaintiff alleged impairments that could be measured and documented through objective evidence in examination findings, tests, and medical evidence. (See R. 60-61). Accordingly, while plaintiff certainly was "entitled to rely exclusively on subjective evidence" to prove the severity of her pain and other symptoms, Hines, 453 F.3d at 565, the ALJ was not required to consider only this evidence in at step two of the evaluation process. See Craig 76 F.3d at 595. Rather, in accordance with Hines and Craig, the ALJ properly considered the substantial evidence in the record tending to show that plaintiff's subjective allegations of pain and other symptoms did not limit her ability to work to the full extent alleged.

In sum, the ALJ properly evaluated plaintiff's subjective accounts of her pain and other symptoms, in conjunction with all the evidence in the record, including objective medical evidence presented, and did not err in concluding that her subjective allegations of disability was inconsistent with the objective evidence. Accordingly, plaintiff's objections are overruled.

## CONCLUSION

Upon de novo review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 46), DENIES plaintiff's motion for judgment on the pleadings (DE # 44), and upholds the final decision of the Commissioner. The clerk is directed to close this case.

SO ORDERED this the 25th day of September, 2012.

LOUISE W. FLANAGAN
United States District Judge

8